IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NATIONAL ROOFING INDUSTRY PENSION PLAN, | ) ) ) |
| and | ) ) |
| ROOFERS AND WATERPROOFERS RESEARCH AND EDUCATION JOINT TRUST FUND, | ) ) ) )   Case No. |
| and | ) ) ) |
| KINSEY ROBINSON, as Trustee of the NATIONAL ROOFING INDUSTRY PENSION PLAN and as Trustee of the NATIONAL ROOFING INDUSTRY EDUCATION PLAN, | ) ) ) ) ) ) ) |
| Plaintiffs, | ) |
| v. | ) ) |
| CMT ROOFING, LLC, | ) ) |
| Defendant. | ) |

## COMPLAINT

COME NOW Plaintiffs, and for their cause of action against Defendant CMT Roofing, LLC, state as follows:

### NATURE OF CASE

1.     This is an action to collect fringe benefit contributions from Defendant due and owing the Plaintiffs, pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132 and 1145.

### PARTIES

2. National Roofing Industry Pension Plan (hereinafter "Pension Plan") and Roofers and Waterproofers Research and Education Joint Trust Fund (hereinafter "Education Plan") are employee benefit plans within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of administration at 3001 Metro Drive, Suite 500, Bloomington, Minnesota 55425. The Pension Plan and Education Plan Trust are legal entities that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

3. Kinsey Robinson, as trustee of the Pension Plan and Education Plan, is a proper party to this action based on his official capacity and fiduciary duties to the Pension Plan and Education Plan.

4. Upon information and belief, CMT Roofing, LLC is a business organized under and existing by virtue of the laws of the State of Missouri. CMT Roofing, LLC is an employer within the meaning of 29 U.S.C. § 1002(5).

## JURISDICTION

5. This Court has jurisdiction over Plaintiffs' claims pursuant to 29 U.S.C. §§ 185(c), 1132, and 1145.

6. Venue is appropriate in this district pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b).

## CAUSE OF ACTION

7. The Pension Plan and Education Plan are multi-employer plans within the meaning of 29 U.S.C. § 1002(37) and have been established pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

8. CMT Roofing, LLC is an employer within the meaning of 29 U.S.C. § 1002(5) and is an employer affecting commerce within the meaning of § 2 of the LMRA, 29 U.S.C. § 152.

9. CMT Roofing, LLC is party to a collective bargaining agreement with the United Union of Roofers, Waterproofers & Allied Workers, Local Union No. 2, A.F.L.-C.I.O. ("Roofers Local 2") in St. Louis, Missouri. The collective bargaining agreement has been in effect at all times relevant to this action.

10. At all times relevant to this action, CMT Roofing, LLC has employed employees who have performed work covered by the collective bargaining agreement.

11. The Pension Plan and Education Plan are established and operate pursuant to written agreements and declarations of trust. These agreements and declarations of trust are incorporated by reference into and are material parts of the collective bargaining agreement between Roofers Local 2 and CMT Roofing, LLC.

12. The collective bargaining agreement entered into between Roofers Local 2 and CMT Roofing, LLC requires CMT Roofing, LLC make monthly contributions to the Pension Plan and Education Plan. CMT Roofing, LLC is to contribute to the Pension Plan and Education Plan based on the number of hours worked by its employees who are covered by the collective bargaining agreement.

13. CMT Roofing, LLC is required to make monthly written reports to the Pension Plan and Education Plan regarding the number of covered employees, the number of hours worked by each employee, and the amounts payable to the Pension Plan and Education Plan.

14. The collective bargaining agreement, incorporating the agreement and declaration of trust of the Pension Plan and Education Plan and the duly adopted rules of the Pension Plan and Education Plan, require all reports and contributions to the Pension Plan and Education Plan paid by the fifteenth (15th) day following the end of each month. If payment is not made by the last day

of the month following the end of the month for which the report and contributions are due, the report and contributions are considered delinquent.

15. The collective bargaining agreement, the agreements and declarations of trust, and ERISA provide remedies to the Pension Plan and Education Plan in the event an employer fails to make required contributions or to submit required reports. Among the remedies available are costs of collection, attorneys' fees, interest in the amount of one and one-half percent (1-1/2 %) per month from the due date, and liquidated damages in the amount of twenty percent (20%) of the delinquent contributions. In addition, the Pension Plan and Education Plan are entitled to conduct an audit of any books, records, papers and reports of an employer necessary to determine or to verify the amounts due and owing the Pension Plan under the collective bargaining agreement.

16. CMT Roofing, LLC has failed to pay principal contributions to the Pension Plan and Education Plan.

17. As a result, CMT Roofing, LLC has violated the Plaintiffs' rights under ERISA.

18. Pursuant to the collective bargaining agreement and corresponding agreement and declaration of trusts of the Pension Plan and Education Plan, CMT Roofing, LLC owes the Plaintiffs principal damages together with additional agreed upon and statutory liquidated damages and interest on the delinquent contributions.

19. The Pension Plan and Education Plan have incurred attorneys' fees and other costs in an effort to remedy CMT Roofing, LLC's failings. The Pension Plan and Education Plan are entitled to recover those fees and costs pursuant to agreements and declarations of trust, and by statutory right, pursuant to 29 U.S.C. § 1132(g).

WHEREFORE, Plaintiffs pray that the Court enter an Order awarding damages to the Plaintiffs in an amount to be proven for unpaid and delinquent contributions, together with

mandatory and agreed upon liquidated damages and interest, for contribution to Plaintiffs, plus any amounts that may accrue after the filing of this Complaint, plus any additional interest accruing up through the date of judgment; awarding Plaintiffs their costs of this action attributable to the collection of the fringe benefits, including reasonable attorneys' fees and costs; and granting such other relief that the Court may deem just and proper.

Respectfully submitted,

HARTNETT GLADNEY HETTERMAN, L.L.C

/s/ Sam K. Gladney
JAMES P. FAUL, No. 58799MO
SAM K. GLADNEY, No. 69094MO
4399 Laclede Avenue
Saint Louis, Missouri 63108
Telephone:  (314) 396-6477
Facsimile:  (314) 531-1131
jfaul@hghllc.net
sgladney@hghllc.net

Attorneys for Plaintiffs